IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
CHRISTOPHER BRENNAN,           )   CIV. NO. 17-00163 HG-RLP
                               )
              Plaintiff,       )
                               )
        v.                     )
                               )
STATE OF HAWAII; JAMES BRADLEY )
BLACKBYRD; and DOES 1-10,      )
                               )
              Defendants.      )
                               )
                               )
```

**ORDER DENYING DEFENDANT JAMES BRADLEY BLACKBYRD'S MOTION TO DISMISS AND GRANTING HIS MOTION TO TRANSFER VENUE (ECF No. 10)**

Plaintiff Christopher Brennan filed a lawsuit against the State of Hawaii and James Bradley Blackbyrd, a former prison counselor in Arizona. Plaintiff states that he was convicted of drug-related offenses in Hawaii and incarcerated in a private prison located in Arizona. Plaintiff alleges that while he was incarcerated, Defendant Blackbyrd forced him into unwanted sexual encounters during mandatory counseling sessions.

Defendant Blackbyrd filed a motion to dismiss or, in the alternative, to transfer venue to the District of Arizona.

Defendant Blackbyrd's Motion to Dismiss is **DENIED.**

Defendant Blackbyrd's Motion to Transfer Venue is **GRANTED.**

**PROCEDURAL HISTORY**

On April 10, 2017, Plaintiff Christopher Brennan filed a Complaint. (ECF No. 1).

On May 5, 2017, Defendant Blackbyrd filed THE DEFENDANT'S ANSWER TO THE COMPLAINT. (ECF No. 7).

On May 15, 2017, Defendant State of Hawaii signed a Waiver of Service. (ECF No. 15).

On May 26, 2017, Defendant Blackbyrd filed DEFENDANT JAMES BRADLEY BLACKBYRD'S FIRST AMENDED ANSWER (ECF No. 9) and DEFENDANT JAMES BRADLEY BLACKBYRD'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR CHANGE OF VENUE (ECF No. 10).

On June 1, 2017, a hearing for Defendant Blackbyrd's Motion was set for June 30, 2017. (ECF No. 11).

On June 9, 2017, Plaintiff filed PLAINTIFF'S OPPOSITION TO "DEFENDANT JAMES BRADLEY BLACKBYRD'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A CHANGE OF VENUE." (ECF No. 13).

On June 26, 2017 Defendant Blackbyrd filed his reply. (ECF No. 14).

On June 28, 2017, the Court granted a request from Plaintiff's Attorney Myles Breiner to continue the hearing date. The hearing was continued to July 6, 2017, at 2:30 PM. (ECF No. 16).

The morning of July 6, 2017, the Court modified the hearing time from 2:30 PM to 3:00 PM to accommodate Mr. Breiner. (ECF

No. 17).  At 3:30 PM, Mr. Breiner had not appeared.  The Court inquired of Defendant Blackbyrd's Counsel if he would be agreeable to forego Oral Argument on his motion.  Defendant Blackbyrd's Counsel agreed.  (ECF No. 18).  The Court took the matter under submission and chose to decide the matter without a hearing pursuant to Local Rule 7.2(d).

On July 14, 2017, Defendant State of Hawaii filed DEFENDANT STATE OF HAWAII'S MOTION TO DISMISS (ECF No. 19) and DEFENDANT STATE OF HAWAII'S NOTICE OF JOINDER IN DEFENDANT JAMES BRADLEY BLACKBYRD'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR CHANGE OF VENUE (ECF No. 20).

## BACKGROUND

Plaintiff was arrested in Hawaii on drug-related charges.  The Hawaii State Court sentenced Plaintiff to a period of incarceration.  The State of Hawaii incarcerated Plaintiff Brennan at the Saguaro Correctional Facility ("Saguaro") located in Eloy, Arizona.  (Complaint at p. 2, ECF No. 1).

Plaintiff alleges Defendant Blackbyrd worked as a counselor at Saguaro.  Plaintiff alleges that he was required to attend counseling while incarcerated.  (Id. at p. 4).  Plaintiff claims Defendant Blackbyrd told him during a private counseling session that he had to cooperate or Plaintiff would end up in solitary confinement.  (Id. at p. 5).  Plaintiff alleges that Defendant

Blackbyrd coerced him into sexual acts on four separate occasions.  (Id. at pp. 5-6).

Plaintiff filed the complaint against the State of Hawaii and Blackbyrd in the United States District Court for the District of Hawaii.

Defendant Blackbyrd moves for dismissal, or, in the alternative, for a change of venue to Arizona. (ECF No. 10).

The State of Hawaii moves for dismissal (ECF No. 19) and moves to join Blackbyrd's motion (ECF No. 20).

The Court will address the Motions filed by the State of Hawaii in a separate Minute Order.

## **STANDARD OF REVIEW**

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction.  Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1128–29 (9th Cir. 2003).  Where, as here, a district court rules on the issue of jurisdiction by relying on affidavits and discovery materials, the plaintiff must make a prima facie showing of personal jurisdiction.  Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996).  Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be

taken as true. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). Any evidentiary materials submitted on the motion are construed in the light most favorable to the plaintiff and all doubts resolved in the plaintiff's favor. Ochoa v. J.B. Martin & Sons Farms, Inc., 287 F.3d 1182, 1187 (9th Cir. 2002).

Where there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. See Fed. R. Civ. P. 4(k)(1)(A); Panavison Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998). Because Hawaii's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same. Hawaii Forest & Trial Ltd. v. Davey, 556 F.Supp.2d 1162, 1168 (D.Haw. 2008).

For the exercise of jurisdiction to satisfy due process, a nonresident defendant, if not present in the forum, must have minimum contacts with the forum such that the assertion of jurisdiction does not offend traditional notions of fair play and substantial justice. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). A federal district court may exercise either general or specific personal jurisdiction. See Helicopteros Nacionales

de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984).

**General Jurisdiction**

To establish general jurisdiction, the plaintiff must demonstrate that the defendant has sufficient contacts to "constitute the kind of continuous and systematic general business contacts that approximate physical presence." Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1124 (9th Cir. 2002) (internal quotation marks omitted).

General jurisdiction for an individual is only available in the state of the individual's domicile. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011).

**Specific Jurisdiction**

The Ninth Circuit Court of Appeals created a three-part test to analyze whether a party's "minimum contacts" meet the due process standard for the exercise of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger, 374 F.3d at 802.

If any of the three requirements of the test are not satisfied, jurisdiction in the forum would deprive the defendant of due process of law. In re Western States Wholesale Natural Gas Antitrust Litigation, 715 F.3d 716, 742 (9th Cir. 2013). While all three requirements must be met, the Ninth Circuit Court of Appeals has stated that in its consideration of the first two prongs, a strong showing on one axis will permit a lesser showing on the other. Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1210 (9th Cir. 2006) (en banc). A single forum state contact can support jurisdiction if the cause of action arises out of that particular purposeful contact of the defendant with the forum state. Id.

## ANALYSIS

### I. Defendant Blackbyrd Did Not Waive His Rule 12(b) Defenses

Plaintiff argues that Defendant Blackbyrd submitted to jurisdiction in the District of Hawaii by filing an answer. (Opposition at p.5, ECF No. 13-1).

The Federal Rule of Civil Procedure 12(b) includes defenses that must be asserted in the responsive pleading or an initial motion. Rule 12(h)(1)(B)(ii) allows for 12(b) defenses to be

asserted in a responsive pleading or in an amendment allowed by Rule 15(a)(1).  Rule 15(a)(1)(A) provides that a party may amend its pleading once as a matter of course within 21 days after serving it.

Defendant Blackbyrd filed an answer on May 5, 2017, which challenged venue in Hawaii.  (Answer at p. 3, ECF No. 7).  Defendant Blackbyrd amended his Answer and filed his Motion to Dismiss on May 26, 2017, within the 21 day period as set forth in Rule 15.  (Amended Answer, ECF No. 9).  Defendant Blackbyrd's Amended Answer raised the Rule 12(b) defenses of lack of personal jurisdiction, improper venue, and insufficient process.  (Id. at ¶¶ 25-27).  Defendant Blackbyrd's Motion to Dismiss alleges the grounds of lack of personal jurisdiction and improper venue.  (Motion to Dismiss at pp. 4-22, ECF No. 10).  Defendant Blackbyrd has not submitted to jurisdiction by filing his responsive pleadings or his Motion to Dismiss.

## II. Personal Jurisdiction in Hawaii Does Not Exist as to Blackbyrd

### A. General Jurisdiction

General jurisdiction for individuals is based on the individual's domicile.  Goodyear Dunlop Tires Operations, S.A., 564 U.S. at 924.  Blackbyrd is a resident of Arizona.  (Complaint at p. 3, ECF No. 1).  The Court does not have general jurisdiction over Defendant Blackbyrd.

### B.   Specific Jurisdiction

The Ninth Circuit Court of Appeals has created a three part test to determine if specific personal jurisdiction is proper over an out-of-state defendant. Schwarzenegger, 374 F.3d at 802.

First, a defendant must have purposefully directed his activities or purposefully availed himself of the privileges of conducting business in the forum. Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1227-28 (9th Cir. 2011). The second prong requires that the claim be one that arises out of or relates to the defendant's forum-related activities. Id. The third prong requires that the exercise of jurisdiction be reasonable. Id.

#### 1.   Purposeful Direction

The first prong of the Schwarzenegger test examines if a defendant "purposefully directed his activities or consummated some transaction with the forum or resident thereof or performed some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." Mavrix Photo, Inc., 647 F.3d at 1227-28.

The proper focus of the minimum contacts inquiry in an intentional-torts case is the relationship between the defendant, the forum, and the litigation. Walden v. Fiore, 134 S. Ct. 1115,

1126 (2014). The relationship to the forum must arise out of the contacts of the defendant himself. Id. at 1122. The minimum contacts analysis looks at the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there. Id.

Plaintiff alleges that Defendant Blackbyrd forced him into unwanted sexual encounters in Arizona. Plaintiff has failed to offer any proof that Defendant Blackbyrd has ever traveled to, conducted activities within, contacted anyone in, or sent anything to Hawaii. See id. at 1124.

Defendant Blackbyrd's actions in Arizona did not create sufficient contacts with Hawaii simply because he allegedly directed his conduct at Plaintiff, who he may have known had Hawaii connections. See id at 1125 ("Petitioner's actions in Georgia did not create sufficient contacts with Nevada simply because he allegedly directed his conduct at plaintiffs whom he knew had Nevada connections."). Plaintiff has failed to show Defendant Blackbyrd has had contacts with Hawaii.

### 2. Arising Out of Forum-Related Activities

The second prong requires that the claim arise out of or be related to the defendant's forum-related activities. Mavrix Photo, Inc., 647 F.3d at 1227-28.

This prong is not met because Defendant Blackbyrd does not

have forum-related activities.

The first two prongs of the Schwarzenegger test have not been established.

### 3. Reasonableness

The final prong of the Schwarzenegger test states that "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Mavrix Photo, Inc., 647 F.3d at 1227-28. It would be unreasonable to find specific jurisdiction when Defendant Blackbyrd has not met the first two prongs of the test for specific jurisdiction. See In re Western States Wholesale Natural Gas Antitrust Litigation, 715 F.3d at 742.

### III. The Interest of Justice calls for the Transfer of the Case Rather than Dismissal

Venue in the District of Hawaii is improper due to lack of personal jurisdiction over Defendant Blackbyrd. Where, as here, a plaintiff files suit in the wrong district court, the district court must "dismiss, or if it be in the interest of justice, transfer the case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a).

In determining if an action should be transferred in the interests of justice, courts may consider:

(1) the convenience of parties;

11

    (2)   the convenience of witnesses;

    (3)   the relative ease of access to evidence and the location of operative facts;

    (4)   the availability of process to compel attendance of unwilling witnesses;

    (5)   the cost of obtaining willing witnesses;

    (6)   the practical problems indicating where the action can be tried more expeditiously and inexpensively (e.g. calendar congestion); and

    (7)   the totality of the circumstances.

Gong v. Penatta, No. 1:11 CV 02044 AWI, 2012 WL 761730, at *3 (E.D. Cal. Mar. 6, 2012)(quoting French Transit, Ltd. v. Modern Coupon Systems, Inc., 858 F. Supp. 22, 27 (S.D.N.Y. 1994)).

The seven factors favor venue in the District of Arizona. The individual parties in this case are from Nevada and Arizona. Defendant Blackbyrd is a resident of Arizona. The witnesses of the alleged conduct are all in Arizona. The evidence of the alleged misconduct is in Arizona. The cost to have witnesses appear favors Arizona. The action can be tried most expeditiously and inexpensively in the District of Arizona. The totality of the circumstances favors venue transferring to the District of Arizona.

Transfer to the District of Arizona is proper. Defendant Blackbyrd's motion to transfer venue is **GRANTED**.

**CONCLUSION**

Defendant Blackbyrd's Motion to Dismiss is **DENIED**.

Defendant Blackbyrd's Motion to Transfer Venue is **GRANTED**.

The Clerk of the Court is **DIRECTED** to **TRANSFER** the case and all files herein to the United States District Court for the District of Arizona.

IT IS SO ORDERED.

DATED: July 26, 2017, at Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Christopher Brennan v. State of Hawaii; James Bradley Blackbyrd; Does 1-10; Civ No. 17-00163 HG-RLP; **ORDER DENYING DEFENDANT JAMES BRADLEY BLACKBYRD'S MOTION TO DISMISS AND GRANTING HIS MOTION TO TRANSFER VENUE (ECF No. 10)**